Loris PIZZINI, ET AL., Plaintiffs,

v.

AMERICAN INTERNATIONAL SPE-
CIALTY LINES INSURANCE
CO., Defendant.

No. 99–CV–3297.

United States District Court,
E.D. Pennsylvania.

March 6, 2003.

Roger E. Legg, Parkesburg, PA, for Plaintiffs.

Celestine M. Montague, David E. Edwards, Anthony L. Miscioscia, White and Williams, Philadelphia, PA, for Defendant.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

This action involves an insurance coverage dispute between an insurer and assignees of an insured arising out of the sale of speculative oil well leases. Plaintiffs Loris Pizzini, Donna Pizzini, Leone Pizzini, Tullia Pizzini, Valerio Pizzini, Mirachiara Bache, and Thomas Bache ("the Pizzini–Bache plaintiffs") and plaintiffs Dodie Pettit and Kevin Gray ("the Pettit–Gray plaintiffs") are two groups of people who purchased oil well leases from Stephen Barry Shellington ("Shellington"), an authorized agent for the Equitable Life Assurance Society of the United States ("the Equitable"). Shellington was insured under professional liability policies issued by defendant American International Speciality Insurance Company ("AISLIC") to the Equitable and its agents. The oil ventures failed, and both groups of

plaintiffs filed suit against Shellington in Pennsylvania state court. AISLIC agreed to defend Shellington against plaintiffs' claims subject to a reservation of rights. Without the consent of AISLIC, Shellington entered into a settlement agreement with plaintiffs in state court in which he stipulated to the entry of judgment in favor of each plaintiff for a specified amount ("consent judgment") and assigned to plaintiffs his rights under two AISLIC policies: AISLIC policy number 230–76–05, effective January 1, 1995 through January 1, 1996 ("the 1995 policy"), and (2) AISLIC policy number 243–27–99, a renewal of the 1995 policy, effective January 1, 1996 to January 1, 1997 ("the 1996 policy"). AISLIC refused to pay plaintiffs.

Plaintiffs subsequently filed suit in federal court against AISLIC, asserting four causes of action: two counts of breach of contract for failure to indemnify and two counts of bad faith. On June 28, 2002, I granted the motion of the defendants for summary judgment on the plaintiffs' claims of breach of contract. *Pizzini v. American International Specialty Lines Ins. Co.,* 210 F.Supp.2d 658 (E.D.Pa.2002).

■■■ AISLIC now moves for summary judgment on the plaintiffs' remaining claims of bad faith for refusing to indemnify the insured, Shellington, for the plaintiffs' claims (Counts III and IV). Count III of the plaintiffs' complaint claims that the defendants refused to indemnify Shellington in bad faith under the 1995 and 1996 policies. Under Pennsylvania law, a bad faith claim is contingent on the success of the underlying breach of contract claim.[1] *See Frog, Switch & Manufacturing Co., Inc. v. Travelers Ins. Co.,* 193 F.3d 742, 751 n. 9 (3d Cir.1999). Thus, the plaintiffs concede that, after my June 28th decision that the plaintiffs' assigned coverage claims on the 1995 and 1996 policies were both invalid, their bad faith claim sounding in contract must fail. The motion of the defendants for summary judgment on the plaintiffs' contract claim of bad faith for refusing to indemnify Shellington (Count III) for the plaintiffs' claims will be granted.

■■■ The defendants also move for summary judgment on the plaintiffs' statutory claim of bad faith under 42 Pa. Cons. Stat. § 8371 for refusing to indemnify Shellington (Count IV).[2] The plaintiffs maintain that their claim under § 8371 is still a viable claim. The plaintiffs are incorrect. Like their claim of bad faith sounding in contract, the plaintiffs' bad faith claim under § 8371 was contingent on the success of their underlying breach of contract claim. *See id.* "[B]ad faith claims cannot survive a determination that there was no duty to defend, because the court's determination that there was no potential coverage means that the insurer had good cause to refuse to defend." *Id.* It follows that an insurer with no duty to defend or indemnify its insured could not have acted in bad faith in violation of

---

1. Only in rare circumstances, for example where a procedural shortcoming bars the breach of contract claim, may a bad faith claim survive the dismissal of the breach of contract claim. *See Keyes v. Viking Ins. Co. of Wisconsin,* 55 Pa. D. & C. 4th 129, 136 (Pa. Com.Pl.2001).

2. Section 8371 provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insurer.
42 Pa. Cons.Stat. § 8371.

§ 8371. *See Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 821 n. 19 (3d Cir.1994); *Green Machine Corp. v. Zurich American Ins. Group*, No. Civ.A. 99–3048, 2001 WL 1003217 (E.D.Pa. Aug. 24, 2001); *Macknik v. Fireman's Fund Ins., Co.*, No. 95–CV–7838, 1996 WL 346958, *2 (E.D. Pa. June 20, 1996). AISLIC did not have a duty to indemnify Shellington, and thus did not act in bad faith under § 8371. Accordingly, I will grant the defendant's motion for summary judgment on the plaintiffs' claim of bad faith under § 8371 for refusing to indemnify Shellington.

## *ORDER*

**AND NOW**, this Day of March 2003, it is **ORDERED** that AISLIC's motion for summary judgment (Docket Entry # 41) on Counts III and IV of the plaintiffs' complaint is **GRANTED** and the plaintiffs' complaint is **DISMISSED WITH PREJUDICE.**